TRUJILLO, RECURRENTE, *v.* EL REGISTRADOR DE AGUADILLA,
RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador
de la Propiedad de Aguadilla denegando la inscripción de
una escritura de cancelación parcial.

No. 387.—Resuelto en diciembre 23, 1918.

PODER PARA CANCELAR GRAVÁMENES—BIENES GANANCIALES.—En el presente caso
José Trujillo Pizá, como *apoderado* de Juan Trujillo Torruella y su esposa
Dolores Costa Roca, otorgó escritura de *cancelación* parcial de crédito hipote-
cario constituído a favor del poderdante. Presentada dicha escritura en el
registro, el registrador denegó la cancelación fundándose en que el poder no
autoriza expresa y claramente para cancelar gravámenes pertenecientes a la
*sociedad de gananciales. Se resolvió:* que atendidos los términos en que
está redactado el mandato, el apoderado tiene las facultades necesarias y se
ordenó que se verificara la inscripción solicitada.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Gilberto López de Victoria.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri-
bunal.

Juan Trujillo y Torruella compareció ante notario en su
carácter de apoderado de José Trujillo y Pizá y de su esposa
Dolores Costa y Roca y otorgó una escritura de cancelación
parcial de cierto crédito hipotecario constituído a favor de
su poderdante José Trujillo y Pizá. Presentada la escritura
para su inscripción en el registro, el registrador se negó a
ello "por observarse que el poder otorgado por don José
Trujillo y Pizá y doña Dolores Costa y Roca a favor de don
Juan Trujillo y Torruella no autoriza expresa y claramente
para cancelar gravámenes pertenecientes a la sociedad de
gananciales." El registrador consignó además "el defecto
subsanable de no haberse presentado la escritura de consti-
tución de hipoteca con nota de inscripción."

No conforme Trujillo, recurrió para ante este Tribunal y
archivó en tiempo su alegato en el que no se hace referencia
al defecto subsanable apuntado.

El poder por virtud del cual actuó el recurrente, se otorgó

por los esposos Trujillo-Costa en Palma de Mallorca, España, ante el abogado y notario Mateo Jaume y Servera. Es muy extenso y nos limitaremos a transcribir de él lo que sea necesario. La esposa dijo que "de su libre y espontánea voluntad presta su consentimiento y autorización a dicho su señor marido don José Trujillo y Pizá y confiere al mismo y a su entenado don Juan Trujillo y Torruella, mayor de edad, soltero, de la agricultura, residente en la Isla de Puerto Rico, juntos o por separado poder para vender, ceder, permutar y de cualquier otro modo enajenar todos o cualquiera o cualesquiera de los bienes así muebles como inmuebles, derechos, acciones y créditos que el mismo don José Trujillo tiene en la actualidad y tenga en lo sucesivo, en cualquier parte que radiquen y ya sean adquiridos antes como después de su matrimonio, * * * aceptando, constituyendo y cancelando cualesquiera hipotecas, * * *." Y el esposo manifestó luego que "con la autorización que le concede la mencionada su consorte, confiere, * * * a su dicho hijo don Juan Trujillo y Torruella, el poder más amplio y eficaz para * * * vender, ceder, permutar y de todo otro modo enajenar cualesquiera bienes así muebles como inmuebles, derechos, acciones y créditos, presentes y futuros del otorgante, a quien quiera, por los precios que percibirá al contado o a plazos con las garantías hipotecarias o de otra especie que podrá en su día cancelar * * * para exigir y cobrar las cantidades que por cualquier concepto acredita y acredite el poderdante, y cancelar total o parcialmente las garantías que hubiera constituído a su favor.".

Sin duda que pudo ser más claro el poder, pero tal como está es suficiente a nuestro juicio. El crédito hipotecario parcialmente cancelado se constituyó después de otorgado el poder y se originó así: la mercantil Solivellas y Compañía recibió de Juan Trujillo y Torruella, como apoderado de José Trujillo y Pizá, en calidad de préstamo, la suma de diez y nueve mil pesos, para pagarla, con sus intereses, a plazos, y para garantir el préstamo hipotecó dos fincas a favor del

dicho José Trujillo y Pizá.   Juan Trujillo recibió el dinero correspondiente al primer plazo y otorgó la escritura de cancelación parcial dé que se trata.   El crédito hipotecario fué, pues, un bien adquirido por Pizá después de su matrimonio, que tiene la presunción de gananciales, y a esa clase de bienes se refiere la esposa al otorgar el poder, según hemos visto.   Si se tratara de bienes de la exclusiva pertenencia del marido, no hubiera sido necesaria la intervención de la mujer.   Las palabras usadas por José Trujillo y Pizá son generales y claramente abarcan todos sus bienes.

Debe revocarse la nota recurrida y ordenarse la inscripción solicitada, con el defecto subsanable apuntado por el registrador.

*Revocada la nota y ordenada la inscripción*
*con el defecto apuntado por el registrador.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.